MARY MINITER, as Administratrix of the Estate of Joseph
    Miniter, Deceased, Appellant, v. THE CHICAGO &
    NORTHWESTERN RAILWAY COMPANY, Appellee.

Master and Servant: NEGLIGENCE: EVIDENCE.  In an action for
1   injuries to an employee, based on the negligence of the master
    in furnishing a safe place to work, the evidence is considered
    and held that the injury was not the result of the master's
    negligence, but of a fellow workman.

Negligence: LIABILITY OF MASTER.  Where it appears from the evi-
2   dence that a laborer was injured by the negligent use of a
    proper tool furnished by the master and that such use was not
    directed by the foreman in charge of the work, the master is
    not liable.

*Appeal from Marshall District Court.*—HON. OBED CAS-
WELL, Judge.

MONDAY, OCTOBER 26, 1903.

ACTION at law to recover damages for the death of
plaintiff's intestate.  The trial court directed a verdict
for the defendant, and from the judgment entered thereon
the plaintiff appeals.—*Affirmed.*

*Boardman, Aldrich & Lawrence* for appellant.

*Hubbard, Dawley & Wheeler* for appellee.

WEAVER, J.—Joseph Miniter was a member of a pile-driving crew in the employ of the defendant.   The pile driver was constructed upon a car built for that purpose, and upon which it was moved from place to place along defendant's track.   The piles where lifted into a perpendicular position and lowered to the proper place under the hammer by means of a rope passing over a pulley in the top of the derrick to a winch or windlass operated by steam power.   At the time of the accident the driver had been stationed upon a bridge or trestle some twenty feet or more above the bottom of a ravine or waterway, and a pile had been raised, and was hanging suspended from the rope, with the sharpened point within a few feet of the ground.   Miniter was stationed below to guide the point of the pile to the exact spot where it was to be driven; one or more other employes stood upon the driver above, to "pinch" or place the upper end of the pile between the leads or uprights under the hammer; while the foreman or assistant foreman stood at a convenient place to oversee the work and give the necessary orders.   While deceased was at his proper place beneath the driver, the pile was lowered with a somewhat sudden movement; and in its descent an iron crowbar, in the hands of an employe at the head of the pile, was in some manner wrenched from his grasp, and, falling, struck deceased upon the head, inflicting a wound from which he soon died.   The petition alleges that defendant was negligent (1) in permitting the use of the crowbar upon the driver while Miniter was exposed to danger below; (2) in not furnishing a platform or shield for the protection of the workmen at the lower end of the pile; (3) in not furnishing the deceased with a safe place to work; (4) in not warning said deceased of his danger; and (5) in the order given by the assistant foreman to lower the pile.   The defendant denies the claim made by plaintiff; says the work of pile driving was

done in the the usual and customary manner; and alleges that deceased, having full knowledge of the conditions attending such work, and the machinery and the appliances used therein, had remained in defendant's service without protest, and without promise of any change in such machinery or appliances or methods of work, and thereby assumed all risk of injury to which he was thereby exposed.

I. Of these several allegations of negligence, the first and second may be considered as specifications embraced in the general allegation of the third claim, that defendant failed to furnish the deceased a safe place to work. We think there is nothing in the record which would have justified the jury in finding defendant negligent in providing the crowbar for use in "pinching" the pile into position. Indeed, all the witnesses, including the witness Narey, whose testimony is most favorable to plaintiff, concur in speaking of the bar as a proper tool, but some of them do indicate that its use while the pile was in motion was not necessary or prudent. Narey says it is not proper "to allow the use of an iron bar when a man is below, waiting to receive the pile. * * * The time to use the bar is after the pile is set * * * All the work done with an iron bar in the usual and ordinary way is after the pile is set and at rest." Condon, a witness for plaintiff, testifies that the work of pinching a pile into place was always done with a crowbar, and that the work was necessary. All the other witnesses testifying in that regard speak of the bar as a tool in general and ordinary use in that kind of work, but the apparent weight of the evidence tends to show that it was not usual or safe to apply it while the pile was in motion. If, therefore, the case made by plaintiff in respect to the crowbar establishes any negligence, it is not of the defendant in furnishing the tool for the use of the crew, but the negligence of the crew, or of some member of it, in using

*(margin note: 1. NEGLIGENCE: evidence.)*

such tool at an improper time or in an improper manner. This, as will be seen, was the negligence of a fellow servant, and affords plaintiff no ground of recovery.   Of the failure to provide a platform or scaffold over the deceased to protect him from falling materials or tools, no witness undertakes to say that such protection was practicable. It is obvious that an open shaft or way must of necessity be provided to permit the lowering and management of the pile, and there is nothing in the case before us to indicate that any protection which could reasonably have been furnished by way of a platform would have averted the injury to deceased.   These conclusions leave little more to be said of the charge that defendant did not furnish Miniter a safe place to work.   That such obligation existed cannot, of course, be disputed; but, aside from the two specifications above considered, we do not understand appellant to insist that the place of work was not reasonably safe.

II.   The chief proposition argued and relied upon by the appellant is that Cauley, the assistant foreman, was the vice principal or direct representative of the defend-

**2. NEGLIGENCE: liability of master.** ant company, and that the deceased received his fatal injury through the negligence of said Cauley in permitting and directing the use of a crowbar in pinching the pile between the leads, and in failing to warn said deceased that such bar was being used by the workmen standing on the driver, over his head.   In our view, it is not material or necessary to pass upon the question whether Cauley was in fact a vice-principal.   If, for the purposes of this case, we assume appellant's contention to be correct, she has failed to offer any proof tending to establish the alleged negligence.   We have already seen that, according to the united testimony of all witnesses speaking to that point, the crowbar was a convenient and proper tool to be used upon the driver in adjusting the

pile between the leads; the only open question being whether the act of "pinching" should have been attempted while the pile was moving. But the pinching at this inopportune time is not shown to have been done by Cauley's order. It might well be that if Cauley had given the order to lower before Miniter was ready, and the latter was thereby injured, the former could have been held guilty of negligence; but, so far as the record discloses, Miniter was ready and waiting for the movement of the pile. He had clasped the heavy stick near the point, and, by the aid of a cant hook and the pressure of his shoulder, was directing its descent to the proper spot. The injury that ensued to him was not occasioned by any movement of the pile for which he was unprepared, but by the act or omission of Condon, a co-employe, in handling the iron bar. There is no allegation of negligence in failing to properly supervise the work, or in the employment of unskilled or incompetent workmen. The judgment of the district court appears to be correct, and is AFFIRMED.